Jerry R. HANSON et ux., Appellants,

v.

Roy GREEN, Appellee.

No. 7240.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 6, 1960.

Rehearing Denied Oct. 10, 1960.

Hardy, Odom & Steele, Tyler, for appellants.

Ramey, Brelsford, Hull & Flock, Jack W. Flock, Tyler, for appellee.

FANNING, Justice.

This is an automobile collision suit wherein Jerry R. Hanson and wife were plaintiffs and Roy Green was defendant. The trial court instructed a verdict in favor of defendant Green and the Hansons have appealed.

The material undisputed facts are briefly in effect as follows: Appellee Roy Green was the owner of a 1955 Chevrolet automobile which was in good mechanical condition. On May 19, 1957, his daughter, Nancy, requested and received permission from her father to drive the automobile over to a friend's house, the Brownings, for a social visit, and the father cautioned her to be careful. No one accompanied her. Nancy then lacked about two months being 15 years of age, she had no driver's license, and had been driving "close to a year" prior thereto. At no time prior to May 19, 1957, did appellee have any knowledge that Nancy would permit anyone else to drive the automobile, and if appellee had known on the occasion of May 19, 1957, that Nancy would have permitted any other person to drive the car he would not have let her have the car. Nancy permitted one of her friends, Gerald Lee Hunt, a minor, who had no driver's license, to drive the automobile, and Hunt was driving the automobile at the time of its collision with the vehicle operated by appellant Jerry R. Hanson. Mrs. Hanson was riding in the Hanson car and alleged receipt of personal injuries in the collision for which suit was brought, as well as for property damages to the Hanson automobile.

Appellants have made no claim that appellee's automobile at any time material hereto was mechanically defective or unsafe, and there is no evidence in the record to that effect.

There is no evidence in the record that appellee at any time prior to the accident had any knowledge or notice that anyone other than his daughter Nancy would drive his automobile on the occasion in question.

Appellee at no time consented for Gerald Lee Hunt to operate his automobile, and did not in any manner ratify or adopt Nancy's action in permitting Gerald Lee Hunt to drive his car.

It is also undisputed that on the occasion in question Nancy was not on a mission for her father, and her use of the automobile on said occasion was solely for her own purposes and pleasure.

Since the "Family Purpose Doctrine" does not obtain in Texas, Trice v. Bridgewater, 125 Tex. 75, 81 S.W.2d 63, 100 A.L.R. 1014; Ener v. Gandy, 138 Tex. 295, 158 S.W.2d 989, in order to impose liability against the owner of an automobile, assuming actionable negligence on the part of the driver, it must be shown that the driver was using the same either at the owner's direction or in the furtherance of the owner's interest or business. Exceptions to this rule are made when (a) the owner knowingly entrusts the vehicle to an incompetent, reckless or unlicensed driver, and such driver's negligence is a proximate cause of the injury complained of: Spratling et al. v. Butler et al., 150 Tex. 369, 240

S.W.2d 1016; Mundy v. Pirie-Slaughter Motor Co., 146 Tex. 314, 206 S.W.2d 587; and (b) when the owner knowingly entrusts a defective vehicle to a driver or suffers the same to be operated upon the highway, and such negligence is a proximate cause of the injury complained of: Sturtevant et al. v. Pagel et ux., Tex.Com.App., 134 Tex. 46, 130 S.W.2d 1017.

In Sturtevant et al. v. Pagel et ux., Tex. Com.App., 134 Tex. 46, 130 S.W.2d 1017, 1018, Sturtevant permitted his son to use the family car for a personal reason; however, it was found that at the time in question the car did not have adequate brakes in good working order, which knowledge under the facts in the case was imputed to Sturtevant. Thereafter Sturtevant, Jr., permitted a friend, Snyder, to drive the car, and a collision occurred while Snyder was driving. The Commission of Appeals held Sturtevant, Sr., liable under the facts, but the liability was fixed against him because of his own negligence in entrusting an automobile with defective brakes to his son. The Commission of Appeals in its opinion stated:

"Still another question is presented. While Sturtevant, Jr., was riding in the car at the time of the accident, and thereby using it in pursuance of the permission given him by his father, Snyder was driving it. The jury has found that Snyder was negligent, and that his negligence was a proximate, but not the sole cause of the injury. *Sturtevant is not chargeable with Snyder's negligence, but only for his own negligence in permitting the car to be operated on the highways. The question presented is one of proximate cause.* Stated more specifically, it is one of whether Sturtevant should have anticipated the injury. The jury has found that the negligence in permitting the car to be operated on the highway in its defective condition was a proximate cause of these injuries, thereby finding, under the definition of proximate cause as contained in the court's charge, that such injury should have been foreseen. We would not be authorized to disturb that finding. It was within the province of the jury to determine whether one who permitted a car with defective brakes to be operated upon the highway should have foreseen that injury might result to some member of the traveling public on account thereof, and that is all that is necessary to foresee. It is not required that the exact injury, or that the exact method by which injury might be inflicted be foreseen. Missouri-Kansas-Texas R. Co. v. McLain, Tex.Sup., 126 S.W.2d 474; Carey v. Pure Distributing Co., Tex.Sup., 124 S.W.2d 847." (Emphasis added.)

■ Foreseeability and causation are two necessary elements of proximate cause. Biggers v. Continental Bus System, Inc., 157 Tex. 351, 303 S.W.2d 359.

■ The negligence of appellee, if any, in entrusting his car to his daughter Nancy, an unlicensed driver, under the undisputed facts in this cause, was not a proximate cause of appellants' injuries and damages. See the following authorities: Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162; City of Dallas v. Maxwell, Tex.Com. App., 248 S.W. 667, 27 A.L.R. 927; East Texas Motor Freight Lines v. Loftis, 148 Tex. 242, 223 S.W.2d 613.

The trial court correctly instructed a verdict in favor of appellee Green.

The judgment of the trial court is affirmed.