Paul M. McCARTY, Petitioner,

v.

Windell Ford PURSER et ux., Respondents.

No. A–9946.

Supreme Court of Texas.

May 13, 1964.

Rehearing Denied June 17, 1964.

Byrd, Davis & Eisenberg, Austin, for petitioner.

Gay & Meyers, Austin, for respondents.

**292**

NORVELL, Justice.

In the early morning hours of November 11, 1959, Captain Paul M. McCarty was standing beside his car in the parking lot of Bergstrom Air Force Base when he was violently struck by a Ford pickup truck driven by Mrs. Doris Purser. Mrs. Purser also had a car parked upon the lot some four parking spaces from the McCarty car. There were no automobiles in the spaces between the Purser and McCarty cars and Mrs. Purser was attempting to park within this area, when through misadventure, her foot slipped from the brake to the accelerator. She then "panicked", to use her expression, and drove the truck into McCarty causing severe bodily injuries.

■ Captain McCarty sued Mrs. Purser and Colonel Forrest Jewell, who was riding with Mrs. Purser in the pickup at the time of the collision. The jury found that Mrs. Purser was negligent in a number of particulars, such as accelerating the motor of the truck, failing to properly apply the brakes, failing to properly steer the vehicle, and the like, and that such negligent acts and omissions were proximate causes of McCarty's injuries. The evidence fully supports these findings.

The jury further found that McCarty was contributorily negligent in requesting Colonel Jewell to allow Doris Purser to drive the pickup and that this was the proximate cause of the collision in which he was injured.

The jury also found that McCarty did not keep a proper lookout for his own safety; that he was negligent in standing in the parking area while Mrs. Purser was driving the pickup; that McCarty should have appreciated the danger in requesting that Mrs. Purser be allowed to drive the truck, and that he voluntarily exposed himself to the danger brought about by Mrs. Purser's driving the pickup. None of the

issues mentioned in this paragraph has support in evidence. It appears from both Mrs. Purser's testimony and that of Colonel Jewell that when Mrs. Purser suddenly accelerated the pickup, it was too late for McCarty to avoid impact. This is not a classic *volenti non fit injuria* case, and was not argued in this Court as such.

The trial court rendered judgment against McCarty and in favor of both Mrs. Purser and Colonel Jewell. No appeal was taken from the judgment in favor of Jewell and he need not be further noticed as a party.

The Court of Civil Appeals reversed and remanded the cause for another trial as to Mrs. Purser. One of the Justices dissented, contending that judgment should have been rendered for McCarty in the amount of damages found by the jury. 373 S.W.2d 293, dissent, 1. c. 299. We agree with the views expressed in the dissent.

The Court of Civil Appeals applied the rules generally applicable to contentions that there is *no evidence* supporting jury findings, yet speaks of there being "insufficient evidence" to sustain various findings and remands the cause.[1] In view of this circumstance, it is suggested by Mrs. Purser, the respondent, that this Court reverse the judgment of the Court of Civil Appeals and remand the cause to that Court "with instructions to render judgment for the petitioner (McCarty) if the Court of Civil Appeals feels that there is no evidence supporting the issues answered favorably to respondents, or to apply the correct rule of law (as set out in King's case, 150 Tex. 662, 244 S.W.2d 660) and weigh all the evidence if that Court thinks there is some evidence in support of those issues."

■ The procedure suggested may be applicable to certain causes, but as the present case may be determined on "no

---

1. See, Calvert "No Evidence" and "Insufficient Evidence", 38 Law Review 361; King v. King, 150 Tex. 662, 244 S.W.2d 660 (1952); Harrison v. Chesshir, 159 Tex. 359, 320 S.W.2d 814 (1959).

evidence" points over which we have jurisdiction, the simpler procedure is to render judgment here.

By reason of the frank and able presentation of the case in this Court, this opinion may be considerably shortened. It is the theory of respondent that while this is not a case of negligent entrustment, the rules applicable to such cases have some application here by way of analogy. In brief, it is asserted that because McCarty requested Colonel Jewell to let Mrs. Purser drive the pickup he cannot complain of injuries received by him which arose out of her negligent driving of the pickup truck.

It appears that Mrs. Purser, Captain McCarty and Rufus (Buck) Harris, an insurance salesman, were in attendance at an informal party at the Bergstrom Officers Club. Colonel Jewell was with them a portion of the time. All of them, with the exception of Captain McCarty,[2] testified upon the trial and there is little conflict in the evidence. The party began about 6 P.M. on November 10th, and ended sometime after midnight. When the party broke up McCarty, and perhaps Harris also, requested that Colonel Jewell allow Mrs. Purser to drive the Ford pickup which had been assigned to him by the military authorities. Colonel Jewell acceded to this request, whereupon Mrs. Purser got in the

pickup and proceeded to drive the same in an anti-clockwise direction around the parking lot at a slow rate of speed. McCarty went to his car and while he was standing beside it Mrs. Purser, having almost completed a circle of the lot, attempted to park the vehicle between her car and McCarty's car with the result heretofore mentioned.

There is considerable discussion in the briefs concerning intoxication, as well as testimony relating thereto. All concluded that nobody was drunk, and it does not appear that anyone lost his balance, staggered or fell down. Respondent remarks with some support in the record that Captain McCarty opened and closed the club on the occasion in question and that the members of the party behaved in an irresponsible manner. All the persons attending the party had been drinking to some extent over a considerable period of time and while they may not have been intoxicated, they were at least imaginative.[3]

However that may be, the theory of respondent is that a suggestion or request made by one having no control over a vehicle that another person be allowed to drive the same may serve as a basis of liability for damages. In this particular case, the principle is asserted as grounds for contributory negligence defense, but the princi-

2. McCarty remembered nothing of the events immediately preceding the collision because of a head injury.

3. Under certain conditions, intoxication may be a somewhat indefinite and illusive concept. It is stated by Dr. Leon Greenburg in 16 Quarterly Journal of Studies on Alcohol 316, that:

"When we say that a person is drunk or intoxicated we mean not simply that his efficiency is less, that his behavior has changed, or that he feels better, but that his bodily functions and mental faculties are in an unmistakably abnormal state. Any other use of the term intoxication becomes merely an arbitrary and personal expression of disapproval, and as such loses scientific and practical usefulness."

There are other tests of varying degree of strictness as witness the old Virginia

rule which stems from the dictum of a justice of the peace that: "In this court a man is not drunk unless he has to hold onto the grass to keep from falling off the face of the earth."

Dr. Greenburg also states that the consensus of observers in biochemistry is that abnormal behavior is usually noticeable when the blood alcohol content rises above 0.15 per cent. The time element is of importance as each hour the body eliminates one ounce of distilled spirits of approximately fifty per cent alcohol. The line between "a few drinks" and intoxication may be a fine one under certain circumstances. It is not of particular importance here. Insofar as Colonel Jewell is concerned, it cannot be said that his physical movements or functions were abnormal. And, he was the one who was in control of the pickup truck.

ple is the same in either case. To reduce the problem to its essentials, we take these hypotheses: A requests B to let C drive his automobile. C in driving the automobile injures D. A is liable to D; or, A requests B to let C drive his automobile. C in driving the automobile injures A. A cannot recover from C.

■ These illustrations need some amplification of circumstances to be seriously considered. When we turn to the negligent entrustment cases, we find that to establish liability under that doctrine it is essential, among other things, that it be shown that the person entrusted with the automobile was an incompetent driver, and that such incompetency was the proximate cause of the complaining party's injuries. Mundy v. Pirie-Slaughter Motor Co., 146 Tex. 314, 206 S.W.2d 587.

■ In the negligent entrustment cases, it is also essential that the party sought to be held legally responsible have the right of control over the vehicle. McCarty had no right of control over the pickup here involved. For this element of "right of control" respondent would substitute McCarty's request that Mrs. Purser be allowed to drive the pickup.

Colonel Jewell testified that he was responsible for the Ford pickup when he was operating it; that he drove up to the entrance of the Officers' Club just as Captain McCarty, Mrs. Purser and Mr. Harris were leaving; that he had a conversation with them; that some interest in the radio upon the vehicle was expressed by one or more of the parties; that Mrs. Purser got into the pickup on the left-hand side and he, Jewell, moved over to the right; that Captain McCarty made a suggestion that Mrs. Purser drive the pickup, and that he, Jewell, agreed to this suggestion.

Mr. Harris testified that when Mrs. Purser, Captain McCarty and he met Colonel Jewell as they were leaving the club someone suggested that Mrs. Purser drive the pickup in which Colonel Jewell was seated;

that he did not recall who first made the request; that Captain McCarty discussed this with Colonel Jewell and asked him to let Mrs. Purser drive the vehicle.

Mrs. Purser testified that upon the occasion in question there was some conversation about her talking with the tower over the radio, but someone said that, "It would not be a good idea for a woman's voice to be heard on there"; that something was said about her driving the pickup; that Captain McCarty made the suggestion; that she didn't recall if anyone else joined in the suggestion or not; that Mr. Harris made a remark but she didn't recall what it was.

We relate these three versions to show that there was nothing in any of them to suggest that Colonel Jewell was under any form of obligation, or subject to unusual pressure to grant the request that Mrs. Purser be allowed to drive the pickup. He had not been with the party throughout the evening and there is no basis for saying that his will was affected or that he was rendered susceptible to persuasion by the evening's activities. All we have is a simple request that Mrs. Purser be allowed to drive the pickup. In our opinion, liability could not be predicated upon this request, and respondent cites no authorities supporting her position in this regard. Both Colonel Jewell and Mrs. Purser were adults and responsible for their actions and omissions. Colonel Jewell was the one who entrusted the pickup to Mrs. Purser. We decline to extend the doctrine of negligent entrustment by analogy to one who, having no control over the vehicle, simply requests the custodian to allow another person to drive it. As such a request could not form the basis of liability, it could not serve as a ground of defense available to Mrs. Purser.

The judgments of the courts below are reversed and judgment here rendered that Paul M. McCarty do have and recover judgment against Doris Purser, joined by her husband, Windell Ford Purser, for the principal sum of $6,845.00 (the amounts

found by the jury as damages sustained by McCarty), together with interest thereon from February 8, 1963 (the date of the trial court's judgment) at the rate of six per cent per annum, and all costs of suit.

Reversed and rendered.