**ESPERANZA TRANSMISSION CO., Appellant,**

v.

**Barry SCHNEIDER, Appellee.**

**No. 13–85–421–CV.**

Court of Appeals of Texas, Corpus Christi.

June 30, 1986.

Rehearing Denied Aug. 29, 1986.

James A. Smith, Port Lavaca, Royal H. Brin, Jr., Dallas, for appellant.

Rockne Onstad, R. Dan Fontaine, Houston, Delbert Cox, Refugio, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

Esperanza Transmission Company appeals a judgment against it awarding Barry Schneider $286,302.90 in actual damages and $1,500,000.00 in exemplary damages. We reverse and render.

In November 1983, a Ford pickup truck owned by Esperanza collided with a Datsun pickup driven by Kathryn Linney. Appellee Schneider was a passenger in the Linney vehicle. Alfred Havelka, Esperanza's employee, had driven the pickup to a dance in Bonnie View. Havelka later turned the vehicle over to Stephen Schroeder because Havelka was feeling sick. The accident occurred while Schroeder was driving. Schroeder was intoxicated at the time. Linney and Schneider sued Havelka, Schroeder and Esperanza. Linney settled her claims during trial. The jury found that Esperanza's entrustment of its vehicle to Havelka was in heedless and reckless disregard of the rights of others affected by it and was a proximate cause of the occurrence in question. Judgment was rendered against all three defendants on the actual damages and the jury assessed exemplary damages against all defendants. Havelka and Schroeder do not appeal.

Appellee's recovery in this case against Esperanza is based solely upon a negligent entrustment theory. Appellant urges that as a matter of law any entrustment to Havelka by Esperanza was not a proximate cause of the accident.

The elements of negligent entrustment are: 1) entrustment of a vehicle by the owner, 2) to an unlicensed, incompetent, or reckless driver, 3) that the owner knew or should have known to be unlicensed, incompetent or reckless, 4) that the driver was negligent on the occasion in question, and 5) that the driver's negligence proximately caused the accident. *Williams v. Steves Industries, Inc.,* 699 S.W.2d 570, 571 (Tex.1985); *Mundy v. Pirie-Slaughter Motor Co.,* 146 Tex. 314, 206 S.W.2d 587, 591 (1947). In *Mundy,* the Supreme Court explained:

> If such incompetent or reckless driver, *through his negligent operation of the automobile,* causes damage to a third person, the owner of the automobile is liable; the negligence of the driver does not break the chain of causation. *Id.* 206 S.W.2d at 588. (Emphasis ours.)

The Court went further to explain that plaintiff, in a negligent entrustment case, must prove that defendant's negligence was the proximate cause of the injury which is established by showing that the entrustee *operated* the automobile negligently. *Id.* at 591. To establish liability under this doctrine a plaintiff must show that the person entrusted was an incompetent driver and that such incompetency was the proximate cause of the injuries. *McCarty v. Purser,* 379 S.W.2d 291, 294 (Tex.1964).

Had Havelka been driving on this occasion, plaintiff would have been able to make out a good case of negligent entrust-

ment against Esperanza in view of Havelka's deplorable driving record. However, in view of what happened, Havelka's driving record is irrelevant to any issue before this Court. Although he had a past history of recklessness, Havelka was not operating the vehicle negligently on the evening in question. He was not operating the vehicle at all. We believe that negligent operation of the vehicle by the entrustee is an essential element which is lacking here. We hold that as a matter of law Esperanza is not liable for appellee's injuries on a negligent entrustment theory. We agree with appellant that any negligence on Esperanza's part in entrusting its vehicle to Havelka was not a proximate cause of this accident.

Appellant's first point of error is sustained.

In view of our disposition of all controlling issues, we decline to address appellant's other points of error. TEX.R.CIV.P. 451.

The judgment of the trial court is REVERSED and RENDERED that appellee take nothing against Esperanza Transmission Company.

DORSEY, J., dissents.

DORSEY, Justice, dissenting.

I disagree with the majority's analysis, which holds that as the entrustment was not from Esperanza to the driver who had the collision, Schroeder, it fails as a matter of law. The negligence that Esperanza is charged with is the entrusting of a truck to Havelka without making sufficient inquiry as to his driving and drinking habits, but it is more than that. The case was tried on traditional negligence grounds, i.e., negligence plus proximate cause plus damage equals liability, and I would so analyze it.

The elements of a classic negligent entrustment cause of action are correctly stated in the majority's opinion to be: 1) entrustment by the owner, 2) to an unlicensed, incompetent, or reckless driver, 3) who the owner knew or should have known was such, 4) that the driver was negligent, and 5) the driver's negligence was the proximate cause of the injury. *Williams v. Steves Industries, Inc.*, 699 S.W.2d 570 (Tex.1985). There is no inquiry into whether the negligence of the owner is the proximate cause of the injury. In deciding whether the owner's negligence is required to be a proximate cause of the collision, the Texas Supreme Court stated in *Spratling v. Butler*, 150 Tex. 369, 240 S.W.2d 1016, 1017 (1951), *quoting Mundy v. Pirie-Slaughter Motor Co.*, 146 Tex. 314, 206 S.W.2d 587, 591 (1947):

> In order to establish proximate causation, plaintiff must show that Dickson (unlicensed driver) operated the automobile negligently (that is, in a manner that was negligent regardless of the lack of a driver's license) and that such negligence was a proximate cause of the collision.... If, after the automobile is entrusted to such driver, he operates it negligently, and thereby causes damages to a third person, the causal connection is shown between the negligence of the owner in lending him the automobile and the damage to the third person.

Some courts have spoken of imputing the operator's proximate causation to the owner in classic negligent entrustment cases. *Green v. Texas Electrical Wholesalers*, 651 S.W.2d 4, 7 (Tex.App.—Houston [1st Dist.] 1982, writ dism'd).

However, in the instant case, the jury found Esperanza to be negligent and grossly negligent in entrusting the vehicle to Havelka, and that negligence to be a proximate cause of the collision. This finding that Esperanza's negligence is a proximate cause of the injury removes this case from traditional negligent entrustment analysis. Proximate cause consists of the elements of cause in fact and foreseeability. The evidence should be analyzed in light of *Pool v. Ford Motor Company*, 715 S.W.2d 629 (1986), to determine whether this finding by the jury is so against the great weight and preponderance of the evidence as to be manifestly unjust.

Several cases have been found in Texas that deny recovery to a plaintiff against the owner (A) where the one to whom the vehicle was originally entrusted (B) loans it to another (C) who actually has the collision. All can be distinguished from the instant case in that in none of the three did the owner (A) give permission or authority to B to loan the car to C. *Hanson v. Green*, 339 S.W.2d 381 (Tex.Civ.App.—Texarkana 1960, writ ref'd), was the appeal of a directed verdict for the owner because there was no evidence that the owner had any notice that B, his daughter, would loan the vehicle to C. In *Barnes v. Zinda*, 464 S.W.2d 501 (Tex.App.—Waco 1971, writ ref'd n.r.e.), the owner expressly forbad B to loan the car to C. An instructed verdict for the owner was affirmed on appeal. In *Johnson v. Owens* 629 S.W.2d 873 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.), summary judgment was upheld for the owner, A, and B, a repair shop, after B sent the car to another garage, C, who entrusted the car to an unlicensed driver, D, who caused the collision. There was no evidence of notice to A in making the original entrustment that others would be driving his car.

In analyzing the present case as to the sufficiency of the evidence under the guidelines of *Pool v. Ford Motor Company*, 715 S.W.2d 629 (1986), the Court of Appeals reviews all of the evidence as to the finding of proximate cause of the original entrustment of the vehicle by Esperanza to Havelka. Accordingly, I will review the sufficiency of the evidence as to both prongs of proximate causation: foreseeability and cause in fact by Esperanza's negligence. *Mobil Oil Co. v. Dodd*, 528 S.W.2d 297 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.).

There was evidence that the time the truck was entrusted to Havelka, Esperanza allowed him to use the truck for his personal use, and not just for business purposes, and that Esperanza anticipated that Havelka would use the truck to go drinking. The use of the truck was left to Havelka's discretion, as was the matter of to whom he could let drive the truck if he was sick or drunk or both. Havelka had a bad driving record that included eleven traffic tickets over a five-year period, but none were for driving while intoxicated.

I am unable to say that under the evidence the finding that Havelka's entrusting the vehicle to an intoxicated driver was not foreseeable by Esperanza, given the broad grant of authority as to the use of the truck that Esperanza gave Havelka. There is evidence to support the causation finding in that "but for" the entrustment of the truck to Havelka with such wide authority to allow others to drive it, the collision would not have occurred. After reviewing all of the evidence on the issue, the jury's finding that Esperanza's negligence was a proximate cause of the injury is not so against the great weight and preponderance of the evidence as to be manifestly unjust.

As to the gross negligence finding against Esperanza, there is evidence that Esperanza had no policy to determine the driving records of persons who would be given vehicles. The policy had not changed after the accident, nor had the authority given the employee to let others drive the vehicle been changed. There was no evidence that Esperanza knew of Havelka's drinking habit or of his propensity, if any, to become incapacitated and to loan the vehicle to other incapacitated drivers.

The mental attitude of the defendant Esperanza lifts ordinary negligence into gross negligence. Esperanza must be shown to be knowingly indifferent to the peril others were being subjected to as a result of the entrustment of the vehicle to Havelka. *Burk Royalty Co. v. Walls*, 616 S.W.2d 911 (Tex.1981). There is insufficient evidence of Esperanza's conscious indifference to the safety of others to justify the jury's finding of gross negligence. Appellant's third point of error should be sustained and points one, two, and four should be overruled.

I therefore respectfully dissent.