Barry SCHNEIDER, Petitioner,

v.

ESPERANZA TRANSMISSION
COMPANY, Respondent.

No. C–5793.

Supreme Court of Texas.

Dec. 2, 1987.

Rehearing Denied March 2, 1988.

Dan Fontaine, David Grant Kaiser and
W. James Kronzer, Jr., Abraham, Watkins,
Nichols, Ballard, Onstad & Friend, Hous-
ton, for petitioner.

Royal H. Brin, Strasburger & Price, Dal-
las, for respondent.

OPINION

CAMPBELL, Justice.

This is a negligent entrustment of a mo-
tor vehicle case. The trial court rendered
judgement for Schneider for actual and ex-
emplary damages. The court of appeals
reversed the trial court judgment and ren-
dered judgment that Schneider take noth-
ing. 714 S.W.2d 401. We affirm the judg-
ment of the court of appeals.

Esperanza Transmission Company, an oil
field pipeline service company, provided a
pick-up truck for business and personal use
of its employee, Havelka. Havelka and
Steven Schroeder went to a dance in the
pick-up. Upon leaving the dance, Havelka
stated he had too much to drink and asked
his companion, Schroeder, to drive.
Schroeder collided into the rear of a vehicle
occupied by Schneider.

Schneider sued Esperanza alleging Es-
peranza was negligent and grossly negli-

gent for entrusting the truck to Havelka and that these acts were the proximate cause of the occurrence. Schneider also alleged that Havelka was negligent and grossly negligent in entrusting the truck to Schroeder and that this was also a proximate cause of the accident.

The jury found Esperanza and Havelka liable for negligence and gross negligence on the theory of negligent entrustment. Based on the jury's verdict, the trial court awarded Schneider actual and punitive damages. Following rendition of the judgment, the actual damages were settled. Esperanza appealed the trial court's award of punitive damages. The court of appeals reversed the trial court judgment and rendered judgment that Schneider take nothing. That court held there was no proximate cause between the entrustment of the vehicle from Esperanza to Havelka and the accident because Havelka was not driving the vehicle.

■■■ To establish the automobile owner's liability, there must be a showing of (1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed, (4) that the driver was negligent on the occasion in question and (5) that the driver's negligence proximately caused the accident. *Williams v. Steve's Industries, Inc.*, 699 S.W.2d 570, 571, (Tex.1985); *Mundy v. Pirie–Slaughter Motor Co.*, 206 S.W.2d 587, 591 (1947). Punitive damages can be imposed if the owner of the vehicle knows or should have known that the entrusted driver was incompetent or habitually reckless and the owner was grossly negligent in entrusting the vehicle to that driver. *Williams v. Steve's Industries, Inc.; Montgomery Ward & Co. v. Marvin Riggs Co.*, 584 S.W.2d 863 (Tex.Civ.App.—Austin 1978, writ ref'd n.r.e.).

■■■ For entrustment to be a proximate cause, the defendant entrustor should be shown to be reasonably able to anticipate that an injury would result as a natural and probable consequence of the entrustment. *Sturtevant v. Pagel*, 134 Tex. 46, 130 S.W.2d 1017 (1939); *Russell Construction Co.*, 186 S.W.2d 233, at 236; *Hanson v. Green*, 339 S.W.2d 381 (Tex.Civ.App.—Texarkana 1960, writ ref'd). The basis for negligence in the entrustment of the vehicle to Havelka by Esperanza was Havelka's record of speeding tickets and the risk that he would drive too fast and injure some member of the traveling public. However, Havelka was not driving the vehicle at the time of the collision. There is no evidence that Esperanza was aware of any propensity of Havelka to become intoxicated or to exercise poor judgment in allowing others to drive the truck.

Schneider contends there is no requirement that Havelka be driving the vehicle at the time of the accident. He argues the operation of a vehicle includes more than the actual driving of the vehicle; it includes any and all conduct of the entrustee done with the permission of or at the direction of the entrustor that in any way affects the operation of the vehicle. Schneider asserts that when the owner of a vehicle permits an incompetent or reckless driver to use his vehicle, he creates a dangerous instrumentality and his action sets in motion the chain of events that follow. Accordingly, Schneider submits by proving Havelka was negligent in turning the vehicle over to Schroeder, he proved that Havelka was negligent in the operation of the truck and proximately caused the accident.

Schneider cites several joint venture cases for the proposition that two persons involved in the operation of a motor vehicle are both considered drivers because their negligence is imputable to each other. *See, Fuller v. Flanagan*, 468 S.W.2d 171, 174–5 (Tex.Civ.App.—Fort Worth 1971, writ ref'd n.r.e.); *Nelson v. Fulkerson*, 155 Tex. 298, 286 S.W.2d 129 (1956); *El Paso Electric Co. v. Leeper*, 60 S.W.2d 187 (Tex.Comm'n. App.1933). These cases are inapposite because unlike the theory of liability for joint ventures, liability under an entrustment theory does not arise out of the prior relationship of the parties, but from the act of entrustment of the motor vehicle. Nor does entrustment liability rest upon imputed negligence; it rests upon the combined negligence of the owner in entrusting the

vehicle to an incompetent or reckless driver and negligence of the driver.

Schneider also relies on *Sturtevant v. Pagel,* 130 S.W.2d 1017 (Tex.1939). In *Sturtevant,* the owner of a car with defective brakes allowed his son to drive the car. The son allowed a friend to drive, and the friend had an accident. Liability against the father was upheld on a negligent entrustment theory. Stutervant's liability was predicated on his negligence in entrusting a vehicle with defective brakes to his son which caused the injuries of plaintiff. Schneider's reliance on this case is misplaced.

Foreseeability and causation are necessary elements of proximate cause. The cause of the accident was Havelka's failure to use sound discretion in allowing someone else to drive. The risk that caused the entrustment to be negligent did not cause the collision.

We affirm the judgment of the court of appeals.

ROBERTSON, J., dissents with opinion joined by RAY, KILGARLIN and MAUZY, JJ.

ROBERTSON, Justice, dissenting.

From the disposition and analysis of this negligent entrustment case, I respectfully dissent.

Two points of error are before this court, the first, whether Esperanza Transmission Company's entrustment of a company truck to Havelka was a proximate cause of Barry Schneider's injuries, and the second, whether there was sufficient evidence in the trial court to support a judgment of punitive damages against Esperanza. I would hold Esperanza's actions in entrusting the vehicle to Havelka as a proximate cause of Schneider's injuries for two reasons. Having found that Esperanza's actions were a proximate cause of the injuries to Schneider, I would then hold there is evidence to support a judgment for punitive damages in this case.

Regardless of how neatly the elements of negligent entrustment are set forth in the majority opinion, the theory of negligent entrustment is premised on the combined negligence of two parties, the owner's negligent entrustment of the vehicle and the entrustee's negligent actions causing an injury. To hold otherwise would be to elevate form over substance. The theory of a cause of action for negligent entrustment is a theory of direct or immediate liability of the entrustor undisturbed by subsequent intervening tortfeasors. The entrustee's negligence does not excuse or break the chain of causation set in motion by the entrustor's original negligent entrustment. Hence, the entrustor, owner of the vehicle, does not become vicariously liable for the entrustee's negligence, but remains directly liable for his own negligence. Therefore, I see no reason why the subsequent entrustment, by Havelka, to the second entrustee, Schroeder, should break a causal chain set in motion by Esperanza. It is a well settled principle of law that if an intervening cause was foreseeable by the initial wrongdoer, then the initial wrongdoer's negligence may be considered a proximate cause of the injury, notwithstanding the intervening cause. *See Bonner v. Wingate,* 78 Tex. 333, 14 S.W. 790 (1890); *Texas & P.R. Co. v. Bigham,* 90 Tex. 223, 38 S.W. 162 (1896); *City of Austin v. Schmedes,* 154 Tex. 416, 279 S.W.2d 326 (1955).

The evidence at trial clearly showed that Esperanza had foreseen the possibility that Havelka might get drunk and entrust the company vehicle to another. Therefore, Esperanza's original negligent entrustment remains a proximate cause, unbroken by the independent and intervening cause of Havelka's entrustment, of Schneider's injuries.

The second reason why I would hold Esperanza's entrustment as a proximate cause of Schneider's injuries would be because the jury found so in special issues. Special Issue No. 5 stated:

Was Esperanza Transmission Company's entrustment of the truck in question to Alfred Havelka a heedless and reckless disregard of the rights of others affected by it?

Answer "Yes" or "No."

ANSWER: Yes.

Special Issue No. 6a stated:

Was such entrustment a proximate cause of the occurrence in question?

Answer "Yes" or "No."

ANSWER: Yes.

These findings would remove the analysis of the case from a negligent entrustment theory to a regular negligence theory. Under this type of analysis, the issue would be whether Esperanza's actions were the proximate cause of Schneider's injuries. Undoubtedly, Esperanza could have foreseen that Havelka would have entrusted the vehicle to a third party and there is no question that such entrustment by Havelka was the cause in fact of the injuries. There is testimony that Esperanza gave Havelka complete discretion in deciding when, how and who could drive the truck. In letting Havelka have such broad discretion, Esperanza could foresee that Havelka might entrust the vehicle to an intoxicated driver. Esperanza testified through its vice president that Esperanza had anticipated that Havelka would use the truck to drive to bars.

Once having established that Esperanza's entrustment of the vehicle was a proximate cause of Schneider's injuries, the issue of whether there is evidence to support a claim for punitive damages is, in my opinion, easily answered in the positive.

In general, punitive damages can be awarded to punish the grossly tortious conduct of a wrongdoer. Specifically, the wrongdoer must have acted with an "entire want of care" which results in a knowingly indifferent attitude towards the hazards he has created as a result of the entrustment. *See Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 920 (Tex.1981).

Esperanza had no policy of checking employees' past driving records before entrusting vehicles to them. Before Havelka was employed, he had eleven citations for speeding. While employed by Esperanza, Havelka received four more speeding citations which culminated in the State's intent to suspend Havelka's license. Esperanza was aware of the proposed suspension. Esperanza, through its vice president, addi-

tionally testified that it could have anticipated that Havelka would probably use the vehicle to drive to bars. Combining the two, reckless driving and anticipated drinking, Esperanza should have been aware that Havelka was unable to maturely make responsible decisions as to the operation of the vehicle to which he was entrusted, and he represented a substantial risk to others.

To hold that this evidence, which was before the jury, was no evidence to support punitive damages would be to deny the constitutional right of the plaintiff to have the jury decide the issues and the credibility of the witnesses before them. *See* TEX. CONST. art. I, § 15 (Vernon 1984).

For these reasons, I would affirm in all respects the verdict of the jury and the judgment of the trial court.

RAY, KILGARLIN and MAUZY, JJ., join in this dissenting opinion.