IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-034-CV





RICHARD L. ELDRIDGE,



 APPELLANT


vs.





LAWSON-POLLOCK CORPORATION, d/b/a AUSTIN HONDA,


AND THOMAS R. POLLOCK,




 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT



NO. 443,138-A, HONORABLE JOSEPH H. HART, JUDGE PRESIDING



 





 Richard L. Eldridge appeals from a summary judgment that he take nothing by his
suit for personal injuries against three defendants: Thomas E. Pollock; Rolland E. Lawson; and
Lawson-Pollock Corporation, doing business under the trade name "Austin Honda." We will
affirm the trial-court judgment.


THE CONTROVERSY



 John Logan attended a party with Shannon Pollock. They spent the night with their
host. As they were departing the next day, Logan asked if he might drive a 1980 Honda
automobile Shannon had driven to the party. Shannon consented. Logan had no operator's
license. While driving the Honda that day, Logan crashed into another automobile driven by
Eldridge. Eldridge suffered severe injuries for which he sued the three defendants on a theory
of negligent entrustment. Shannon was the defendants' off-duty employee. 

 The defendants obtained summary judgment that Eldridge take nothing by his suit. 
See Tex. R. Civ. P. 166a. (1)
 This appeal followed. Eldridge died after the trial-court judgment
and while the appeal was pending. See Tex. R. App. P. 9(a).

 Eldridge contends on appeal, in a general point of error, that material fact issues
precluded judgment as a matter of law under Rule 166a. His argument under the point, however,
deals exclusively with a single issue: whether there existed a material fact issue concerning the
defendants' ownership of the Honda on the day of the collision. It is Eldridge's theory that the
defendants did own the Honda on that day and that status rendered them vicariously liable for
injuries resulting from Shannon's negligent entrustment of the Honda to Logan. For the reasons
given below, we believe any dispute in the summary-judgment record concerning ownership of
the Honda did not preclude summary judgment.



DISCUSSION AND HOLDINGS



 To establish liability against an automobile owner (allegedly the defendants here)
for negligent entrustment, a plaintiff must show: (1) the owner's entrustment of his automobile;
(2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have
known to be unlicensed, incompetent, or reckless; (4) that the driver was negligent on the
occasion in question; and (5) that the driver's negligence proximately caused the collision. 
Schneider v. Esperanza Transmission Co., 744 S.W.2d 595, 596 (Tex. 1977); Williams v. Steves
Indus., Inc., 699 S.W.2d 570, 571 (Tex. 1985). Concerning the element of proximate cause, the
court stated in Esperanza: "[f]or entrustment to be a proximate cause, the defendant entrustor
should be shown to be reasonably able to anticipate that an injury would result as a natural and
probable consequence of the entrustment." Esperanza, 744 S.W.2d at 595. And in a case where
an owner negligently entrusts his automobile to his off-duty employee, who in turn negligently
entrusts it to his friend, the showing of proximate cause, as against the owner, requires proof that
he was aware that his employee might exercise poor judgment in allowing others to drive the car. 
Id.; see also Hanson v. Green, 339 S.W.2d 381, 382-83 (Tex. Civ. App.--Texarkana 1960, writ
ref'd).

 Eldridge's pleading of negligent entrustment was quite general. He alleged in his
live petition that the "defendants negligently entrusted a vehicle to John Logan, an unlicensed
driver," and such "negligence was a proximate cause of the collision in question and plaintiff's
damages." Eldridge's petition also averred that "John Logan was acting for and on behalf of
defendants[,] making them vicariously liable for any and all negligence on the part of John
Logan." In substance, these statements declare that the defendants negligently entrusted the
Honda to Logan and Logan acted for the defendants, making them liable for his negligence. 
(Included in the word "defendants," as used in the pleading, was Shannon and another. Eldridge's
actions against them were severed from those on appeal.)

 The following propositions are uncontroverted in the summary-judgment record: 
(1)  the defendants did not deliver the Honda to Logan; (2) Shannon delivered the Honda to
Logan; (3) in delivering the Honda to Logan, Shannon acted for himself and not for the
defendants who employed him; and (4) Logan was not employed by the defendants and had no
other relationship with them. (2) Eldridge did not challenge any of these propositions in the trial
court; he cannot do so on appeal. See City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 679 (Tex. 1979).

 By establishing without contradiction that they did not deliver the Honda to Logan,
the defendants negated as a matter of law each of the five elements of negligent entrustment set
out in Esperanza. Whether or not they owned the Honda at the time is immaterial because they
established that they did not "entrust" the automobile to the tortfeasor Logan.

 Eldridge's brief and oral argument on appeal reveal, however, that his theory of
vicarious liability based on negligent entrustment is different from the theory set out in Esperanza,
where the owner himself was shown to be negligent in entrusting the automobile to his off-duty
employee, who in turn was negligent in his entrustment of the car to a friend. Eldridge's theory
is this: an automobile owner, by reason of that status alone, is strictly and vicariously liable for
negligent entrustment when a person to whom he has entrusted the automobile (even without
negligence on the owner's part) negligently entrusts the automobile to a third person who becomes
the tortfeasor. This theory accounts for Eldridge's formulation of the sole issue presented by his
appeal:


 Whether defendants showed, sufficiently to warrant summary judgment, that they
were not, as a matter of law, owners of the subject vehicle at the time of the
collision when all evidence favorable to the plaintiff is taken as true and every
reasonable inference is resolved in favor of the plaintiff.

 

The theory also explains, evidently, why ownership of the Honda was the sole subject of
Eldridge's memorandum of authorities opposing the defendants' motion for summary judgment. (3) 
In any case, Eldridge does not contend on appeal that summary judgment was erroneous on any
ground apart from his claimed error regarding ownership of the Honda. We have assumed, with
Eldridge's theory, that the defendants owned the Honda and Shannon did not.

 Eldridge offers no authority in support of his theory that an owner of an automobile
is strictly liable by reason of that status for negligent entrustment by a person to whom the owner
first entrusted the car. We find none and therefore affirm the trial-court judgment.

 John Powers, Justice

[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: January 13, 1993

[Do Not Publish]
1.   Defendants Thomas R. Pollock and Lawson-Pollock Corporation moved for summary
judgment on the following grounds: (1) they had no relation to the party attended by Logan
and Shannon; (2) at the time of the collision, neither Shannon nor Logan was acting as an
employee of the defendants; (3) Logan never worked for either defendant; (4) Shannon did not
use the Honda in the course and scope of his employment by defendants; (5) at the time of the
collision, Shannon and Logan were not engaged in any activity remotely related to either
defendant; (6) Shannon entrusted the Honda to Logan; (7) neither defendant entrusted the
Honda to Logan; (8) the defendants' alleged entrustment of the Honda to Shannon was not a
proximate cause of the collision; (9) defendants are not liable for negligent entrustment
because Shannon, and not they, entrusted the Honda to Logan.


 Defendant Rolland E. Lawson's motion for summary judgment substantially repeats the
grounds set out in the motion filed by Thomas R. Pollock and Lawson-Pollock Corporation,
including the contention that Shannon, and not Lawson, entrusted the Honda to Logan and that
Lawson's alleged entrustment of the Honda to Shannon was not a proximate cause of the
collision.

2. These propositions were established by the affidavits accompanying the motion for
summary judgment filed by Pollock and Lawson-Pollock Corporation.
3.   It may be that Eldridge's limited view of the issues on appeal arises from his mistaken
statement in his brief "that defendants . . . based their summary judgment [motion] solely on
the premise that they were not owners of the subject vehicle at the time of the accident." See
supra note 1.