**FRITO–LAY, INC., Appellant,**

v.

**Douglas Joseph QUEEN & William L. Miles, Appellees.**

**No. 04–93–00031–CV.**

Court of Appeals of Texas, San Antonio.

Feb. 23, 1994.

Rehearing Denied March 31, 1994.

Cathy J. Sheehan, William L. Powers, Plunkett, Gibson & Allen, Inc., San Antonio, for appellant.

Nelda J. Ortiz, Philip G. Bernal, Law Offices of Nelda J. Ortiz, P.C., San Antonio, for appellees.

Before BUTTS, RICKHOFF and PRESTON H. DIAL, Jr.,[1] JJ.

## OPINION

DIAL, Justice (assigned).

This is an appeal from a jury verdict awarding damages for injuries sustained in a motor vehicle collision. The plaintiffs/appellees Douglas Queen and William Miles sued Frito–Lay on theories of negligent entrustment, negligence per se, and respondeat superior. Also sued by plaintiffs were Robert Hernandez and Joyce Guerra, against whom default judgments were taken. Hernandez and Guerra are not involved in this appeal. We will reverse the judgment against Frito–Lay and render judgment that the plaintiffs take nothing from that defendant.

The evidence showed that at the time of the accident Hernandez was an employee of Frito–Lay. He was provided with a van by Frito–Lay to drive for business purposes and was given permission to take the vehicle home. He was not authorized to allow someone else to drive the van, and there was no evidence that he had previously allowed anyone to drive the vehicle.

Queen and Miles were rear-ended by the Frito–Lay van driven by a woman who was identified through a photo line-up as Guerra. Guerra was an ex-employee of Frito–Lay who had been living with Hernandez. There was no evidence that Hernandez was in the vehicle at the time of the accident or that he had given Guerra permission to drive the van.

There was evidence that Frito–Lay did not comply with Texas Civil Statute Annotated article 6687b, section 37 which would have required Frito–Lay to request a driving record of Hernandez from the Department of Public Safety before hiring him as a driver.

The jury was instructed on negligent entrustment and negligence per se. They found that the negligence of Hernandez, Guerra, and Frito–Lay each was a proximate cause of the accident. They further found that Hernandez was not acting within the scope of his employment.

Appellees conceded on oral argument that the judgment could not be upheld on the theory of respondeat superior. This is because of the negative answer as to scope of employment of Hernandez and no scope of employment question being asked with respect to Guerra, even though requested by Frito–Lay. If the judgment is to be upheld, only the theories of negligent entrustment and negligence per se are viable.

Under its first point of error, Frito–Lay contends that there is no evidence to support the jury's finding of proximate cause.

■ In *Williams v. Steves Indus., Inc.*, 699 S.W.2d 570, 571 (Tex.1985), our supreme court set out the elements to establish a vehicle owner's liability under a theory of negligent entrustment. The elements are:

(1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed, incompetent, or reckless; (4) that the driver was negligent on the occasion in question; and (5) that the driver's negligence proximately caused the accident.

*Steves Indus.*, 699 S.W.2d at 571. Implicit in this criteria is that the driver to whom the vehicle was entrusted was the same driver whose negligence proximately caused the accident.

■ The two elements of proximate cause are cause in fact and foreseeability. If a negligent act or omission is a substantial factor in bringing about the injury and without which no harm would have occurred, the act or omission is a cause in fact of the injury. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549 (Tex.1985). "Foreseeability means that the actor as a person of ordinary intelligence, should have anticipated

---

**1.** Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX.GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

the dangers that his negligent act created." *Nixon,* 690 S.W.2d at 550.

 For the negligent entrustment by Frito–Lay to be a proximate cause of the plaintiffs' damages, Frito–Lay "should be shown to be reasonably able to anticipate that an injury would result as a natural and probable consequence of the entrustment." *Schneider v. Esperanza Transmission Co.,* 744 S.W.2d 595, 596 (Tex.1987).

The basis for negligence in the entrustment of the vehicle to Hernandez by Frito–Lay was their failure to ascertain if he was licensed and had a good driving record. But there is no evidence that Hernandez was driving the vehicle when the accident occurred. Failure to investigate the driving record of a non-driver could not be a cause in fact of the plaintiffs' injuries. There is no evidence that Hernandez had the propensity in exercising poor judgment in allowing others to drive the Frito–Lay vehicle. There is no evidence that Hernandez had ever let anyone use a vehicle entrusted to him by Frito–Lay.

We conclude that there was no evidence to show that Frito–Lay was reasonably able to anticipate that an injury would result as the natural and probable consequence of the entrustment of the vehicle to Hernandez. We hold that there is no evidence to support the jury's finding of proximate cause.

The appellees argue that the fact Guerra was a prior employee of Frito–Lay, and possibly was not discharged prior to the accident, should somehow be evidence on the issue of proximate cause. There is no evidence of entrustment of the vehicle to Guerra. Appellees have already conceded that there could be no recovery on respondeat superior through Guerra as an employee. The appellees' arguments are of no benefit to their position.

Point of error one is sustained. Since it is dispositive of the appeal, we need not address the other issues. TEX.R.APP.P. 90(a).

The judgment of the trial court is reversed, and judgment is rendered that appellees take nothing from the appellant Frito–Lay.