Lou Ann **MARTIN** and Linda **Rosencrans, Appellants,**

v.

**AVIS RENT–A–CAR SYSTEM, INC. and Kenneth Hofer d/b/a KVH Enterprises, Appellees.**

No. 14–95–00590–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 5, 1996.

Rehearing Overruled Oct. 17, 1996.

Timothy F. Lee, Matthew James Kerrigan, Houston, Kevin Roger Knight, Madisonville, for appellants.

David J. Levy, Reagan M. Brown, Houston, for appellees.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

MURPHY, Chief Justice.

Appellants, Lou Ann Martin and Linda Rosencrans, appeal a take-nothing summary judgment granted in favor of appellees, Avis Rent–A–Car ("Avis") and Kenneth Hofer ("Hofer"), d/b/a KVH Enterprises. Appellants bring one point of error, contending (1) there are genuine issues of material fact precluding summary judgment; (2) appellees presented incompetent summary judgment proof; and (3) the trial court improperly granted summary judgment on all of appellants' negligence theories. We affirm.

Hofer owns and operates a car-rental agency for Avis. Tishanna Dickson, accompanied by her boyfriend, Vincent Perkins, entered Hofer's business and rented a vehicle from Faye Henderson, one of Hofer's employees. According to Avis rental policies, a prospective renter must produce a valid driver's license, and a major credit card or an Avis-approved credit application. Dickson apparently failed to satisfy any of these requirements. In fact, Henderson knew that Dickson did not have a major credit card or other approved credit, and she never requested to see Dickson's driver's license. Nonetheless, to consummate the rental transaction, Henderson allegedly entered a misspelled name and false address for Dickson on the rental contract, forged

Dickson's signature, and used an innocent third-party's credit card as proof of Dickson's financial responsibility. Dickson stated that she never reviewed, nor signed the rental contract. The following day, appellants were injured when the ambulance they were riding in was hit by Dickson's rental car, which was driven by Perkins. Appellants subsequently brought this suit, alleging negligent entrustment, negligence per se, gross negligence and other negligence theories.

On appeal from a summary judgment, this Court must determine whether the proof establishes, as a matter of law, that no genuine issue of material fact exists. *Rodriguez v. Naylor,* 763 S.W.2d 411, 413 (1989). To decide whether a disputed material fact exists, we view the proof in favor of the non-movant and take the proof as true, resolving all doubts and indulging all reasonable inferences in its favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex. 1985). A defendant as a movant on a summary judgment must either (1) disprove at least one element of each of plaintiff's theories of recovery; or (2) plead and conclusively establish each element of an affirmative defense. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 679 (Tex.1979). Once the defendant negates an essential element of the plaintiff's claim, the plaintiff must present evidence raising a fact issue precluding summary judgment. *Id.* at 678.

In their sole point of error, appellants contend appellees failed to satisfy their summary judgment burden by conclusively negating at least one element of their claim for negligent entrustment. Appellants further contend that, assuming there was sufficient summary judgment proof to preclude their negligent entrustment claim, the trial court improperly granted summary judgment on their other negligence theories.

■ To establish appellees' liability under a negligent entrustment theory, appellants must demonstrate that (1) appellees entrusted the vehicle to a driver who they knew or should have known to be unlicensed, incompetent, or reckless; (2) the driver was negligent on the occasion in question; and (3) the driver's negligence proximately caused appellants' injuries. *See Schneider v. Esperanza Transmission Co.,* 744 S.W.2d 595, 596 (Tex. 1987); *Williams v. Steve's Industries, Inc.,* 699 S.W.2d 570, 571 (Tex.1985); *Jamar v. Patterson,* 910 S.W.2d 118, 120 (Tex.App.—Houston [14th Dist.] 1995, no writ). Implicit in these criteria is that the driver to whom the vehicle was entrusted was the same driver who proximately caused the accident. *Frito–Lay, Inc. v. Queen,* 873 S.W.2d 85, 86 (Tex.App.—San Antonio 1994, writ denied); *see also Drooker v. Saeilo Motors,* 756 S.W.2d 394, 399 (Tex.App.—Houston [1st Dist.] 1988, writ denied).

■ Because appellants concede in their brief that Perkins, and not Dickson, was driving the vehicle when the accident occurred, they are unable to establish negligent entrustment. Appellees' failure to investigate the driving record of Perkins, a non-driver, could not be a cause in fact of the appellants' injuries because it only furnished a condition which made the injuries possible. *See Frito–Lay,* 873 S.W.2d at 87; *see also Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 477 (Tex.1995) (stating that cause in fact is an essential element of proximate cause).

■ ■ Nevertheless, appellants contend that assuming there was sufficient summary judgment proof to negate their claim for negligent entrustment, the trial court erred by granting summary judgment on all of their theories of recovery. Appellants, however, assert only negligence theories, including ordinary negligence, negligence per se, gross negligence, negligent hiring, and negligent supervision. An essential element to any theory of negligence is proximate cause. *See Doe,* 907 S.W.2d at 477. As noted above, we find that no proximate cause could exist between appellees' entrustment to Dickson and appellants' injuries. Further, appellants fail to present any argument demonstrating how proximate cause would exist under any other negligence theory. Appellants' sole point of error is overruled.

The judgment of the trial court is affirmed.

No further motions for rehearing will be entertained.