Anna ROACH, Appellant,

v.

DENTAL ARTS LABORATORY, INC., Appellee.

No. 09–01–490 CV.

Court of Appeals of Texas, Beaumont.

Submitted Feb. 26, 2002.

Decided June 20, 2002.

---

Darrell Minton, Harris, Lively & Duesler, LLP, Beaumont, for appellant.

George B. Barron, Orange, for appellee.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

DAVID B. GAULTNEY, Justice.

Anna Roach appeals from a judgment awarding appellee Dental Arts Laboratory, Inc. property damages in an automobile negligent entrustment case.

### THE CLAIM

Dental Arts Laboratory, Inc. sued appellant Anna Roach and Stan Horton[1] for negligent entrustment. The elements of a negligent entrustment cause of action are as follows: "(1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed, incompetent, or reckless; (4) that the driver was negligent on the occasion in question; and (5) that the driver's negligence proximately caused the ac-

---

1. Horton did not answer the suit, did not enter an appearance, and is not appealing. The judgment is final as to him.

cident." *Williams v. Steves Indus., Inc.,* 699 S.W.2d 570, 571 (Tex.1985). After a bench trial, the trial court entered judgment against appellant and Horton jointly and severally.

### FACTS

Anna Roach had known Horton's mother, Diane Sonnier, for approximately seven years; they were good friends. Roach was also acquainted with Horton. The record reveals Horton had a problem with cocaine addiction, a subject that appellant and Sonnier had discussed and prayed about for some time. In addition to knowing about Horton's drug problem, appellant was also aware that his previous attempts to get off crack had been unsuccessful. Sonnier testified Horton had received drug treatment and counseling on prior occasions, but was not involved in either one at the time of the accident. Sonnier also testified that Horton was staying with her prior to the accident and had not used cocaine for several weeks; he was looking for a job, trying to get his life together, and had made improvement. At the time appellant entrusted her car to Horton, she was aware of his recent progress.

In June 1998, appellant entrusted her car to Horton so that he could repair it for her. He made the repairs and returned the car to her without incident. A few days later, on June 22, 1998, she again entrusted her vehicle to Horton for repairs. He was to drive it to town to obtain parts, look for a job while in town, and then do the repair work. When Horton did not return the vehicle to her, appellant filed a complaint with the West Orange Police Department on June 24, 1998, for unauthorized possession of her vehicle. Her written statement to the police is as follows:

On 6–22–98 I let Stan Horton take my 1996 Chrysler New Yorker to Beaumont to fix it. He told me that it would only be a few days. As of 6–24–98 he has not returned my car. I do wish to file charges.

The car was located on June 25, 1998, after it was involved in an accident. Following the accident, the occupants of appellant's car fled the scene, and the driver, whose identity is unknown, was never located.

Assistant Police Chief Romero handled some of the investigation on the case. In his opinion, appellant's whole purpose in entrusting the vehicle to Horton was to have it repaired. After Romero tried unsuccessfully to contact Horton to discuss the matter, Horton later telephoned him and confirmed that appellant had let him take the car to do mechanical work on it. Horton explained that while he was at a friend's house, he allowed another man to take the car to go get some beer. The officer asked if Horton had traded the car in exchange for crack cocaine. Horton indicated he did not. Romero did not believe him. Based on his experience with these transactions and the facts in the case, he believed Horton had loaned the car out in exchange for drugs. Romero indicated that Horton ultimately admitted he was a crack head and that his being a crack addict was behind the exchange of the car for cocaine.

Romero, who had been with the West Orange Police Department for fourteen years, testified about his experience with crack addicts. He indicated crack addicts lie a lot, specifically about taking crack cocaine, and they sometimes claim to have stopped using crack when, in fact, they are still addicted. He further acknowledged that even a reasonable person may believe a crack addict who claims he is no longer using crack. However, for a person like himself, i.e., someone with specialized

knowledge, Romero indicated it would be unreasonable to allow a crack cocaine addict to use his car simply based on the fact that he had been praying (as had appellant and Sonnier) for Horton's deliverance.

In describing his own experience, Romero testified he learned in the 1990s of the propensity of addicts to trade cars in exchange for crack cocaine. He did not believe that appellant would have had any idea that such trades occur. Romero agreed that it would have been easy for appellant to obtain advice from the police about whether to entrust her car to Horton, particularly since she had been to Romero's office on several occasions prior to June 24, 1998, the date she filed the complaint. However, since Roach had no idea that such trades even occur, Romero indicated it would not have crossed her mind to ask for advice on the matter. Based on evidence that Horton had made improvement and was looking for a job, Officer Romero testified he did not believe it was unreasonable for appellant to think Horton was cleaning up his act.

## ISSUES

On appeal, appellant submits various issues, including arguments that, in effect, challenge the viability of a "double entrustment" case, as well as arguments relating to the foreseeability element of probable cause. We need only consider issue five, since it is dispositive of the case. Relying on RESTATEMENT (SECOND) OF TORTS § 448 (1965), appellant argues that, as a matter of law, "the criminal conduct of Stan Horton in trading [her] car for crack cocaine was an illegal act which extinguished [her] .... liability." Through this issue, she, in effect, attacks the legal sufficiency of the evidence supporting the trial court's finding that her entrustment of her car to Horton was the proximate cause of the accident.

## ANALYSIS

 Proximate cause has two elements, cause in fact and foreseeability. *See Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex.1992) (opinion on reh'g). Cause-in-fact means the act or omission was a substantial factor in bringing about the injury and without it harm would not have occurred. *Id.* Foreseeability means the actor, as a person of ordinary intelligence, should have anticipated the dangers her negligent act created for others. *Id.* However, foreseeability does not require the actor to anticipate the precise manner in which the injury will occur; rather, the injury need only be of a general character that the actor might reasonably anticipate. *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 785 (Tex.2001).

 As a general rule, a third party's criminal conduct is a superseding cause that extinguishes the liability of the previous actor. *See El Chico Corp. v. Poole*, 732 S.W.2d 306, 313 (Tex.1987). However, if the third party's criminal conduct is a foreseeable result of the prior negligence, the criminal act does not excuse the previous tortfeasor's liability. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 550 (Tex.1985). Section 448 of the Restatement (Second) of Torts provides as follows:

> The act of a third person in committing an intentional tort or crime is a superseding cause of harm to another resulting therefrom, although the actor's negligent conduct created a situation which afforded an opportunity to the third person to commit such a tort or crime, unless the actor at the time of his negligent conduct realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself of the

opportunity to commit such a tort or crime.

RESTATEMENT (SECOND) OF TORTS § 448 (1965); *see also Nixon*, 690 S.W.2d at 550. Neither party disputes the fact that between the time appellant entrusted the car to Horton and the date of the accident Horton loaned the car out to a third party in exchange for cocaine. An intervening event occurred. Where the parties differ is on the issue of the foreseeability of the criminal act.

 Certainly, appellant knew Horton had a problem with crack cocaine. At most, such knowledge makes foreseeable the danger of driver error while under the influence of drugs. Appellant's knowledge regarding Horton's addiction, however, does not translate into the more specialized knowledge that persons addicted to drugs loan cars out in exchange for drugs. No probative evidence exists that appellant was aware of, or should have been aware of, any propensity on Horton's part to loan the car out in exchange for drugs. The record reveals that Romero, a police officer with specialized knowledge, had knowledge of such propensity—a fact that the officer learned in his professional capacity during the 1990s; but there is no evidence appellant had such knowledge. Indeed, her own experience with Horton the week before belied the propensity.

Foreseeability requires that a person of ordinary intelligence should have anticipated the danger caused by a negligent act or omission. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex.1995). Foresight is not measured by hindsight. Foreseeing that Horton would loan the car to someone else under criminal circumstances and that the person to whom he loaned the car would then in turn negligently cause an accident requires a prescience that exceeds anything the law requires. The evidence is legally insuffi-

cient to support the trial court's finding of proximate cause; the criminal act was a superseding cause of harm that was unforeseeable as a matter of law. We need not address appellant's other issues, since our holding on issue five is dispositive of the case. We reverse the judgment of the trial court and render judgment that Dental Arts Laboratory, Inc. take nothing on its claim against Anna Roach.

REVERSED AND RENDERED.