IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-02-00300-CV

 

Ronald Kevin Adams, et al.,

                                                                      Appellants

 v.

 

Boulevard Auto Rentals, 

d/b/a Rent-A-Wreck of Dallas,

 

                                                                      Appellees

 

 

 



From the 13th District Court

Navarro County, Texas

Trial Court # 00-00-10076-CV

 



MEMORANDUM 
Opinion



 








          A trial court granted Boulevard Auto Rental's motion for summary
judgment in Appellants' negligent entrustment suit.  Because the person driving the vehicle on the
occasion in question was not the person to whom Boulevard entrusted the vehicle,
we affirm.

BACKGROUND

          After
calling several rental establishments in Dallas, Katrina Weaver, Gabriel Hewitt, and eight
other friends found a company that would rent them a van: Boulevard Auto
Rentals d/b/a Rent-A-Wreck.  Weaver went
to Boulevard and signed a rental agreement for a seventeen-passenger van.  Thereupon, Weaver drove her friends to Houston in the van. 
After an all-night "rave party" at the Astrodome, Hewitt drove
the group back to Dallas the next morning.  On the way, Hewitt fell asleep at the wheel
and lost control of the van.  The van
flipped several times causing serious injury to the passengers.

          The
passengers (Appellants) filed a lawsuit against Boulevard and Hewitt alleging
negligent entrustment as to Boulevard and negligence and gross negligence as to
Hewitt.  Boulevard filed a traditional
motion for summary judgment.  The trial
court granted Boulevard's motion for summary judgment and severed Appellant's
claims against Boulevard from their claims against Hewitt.

          Appellants
argue that the trial court erred in granting Boulevard's motion for summary
judgment because (1) negligent entrustment encompasses acts of negligence other
than the act of negligent driving, and (2) Boulevard did not prove lack of
causation as a matter of law.

STANDARD
OF REVIEW

          We review the decision to grant or deny a summary judgment motion
de novo.  See Rucker v. Bank One
Texas, N.A., 36 S.W.3d 649, 653 (Tex. App.—Waco 2000, pet. denied). When
the trial court does not specify the basis for its summary judgment, the
appealing party must show it is error to base it on any ground asserted in the
motion.  Larsen v. Carlene Langford
& Assocs., Inc., 41 S.W.3d 245, 249 (Tex. App.—Waco 2001, pet. denied)
(quoting Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995)).  

          The standard of review for a traditional summary judgment is well
established.  Nixon v. Mr. Property
Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). 
The movant has the burden of showing that no genuine issue of material
fact exists and that he is entitled to summary judgment as a matter of
law.  American Tobacco Co. v. Grinnell,
951 S.W.2d 420, 425 (Tex.
1997); Ash v. Hack Branch Distributing Co., Inc., 54 S.W.3d 401, 413 (Tex. App.—Waco 2001, pet denied).  The
reviewing court must accept all evidence favorable to the non-movant as true.  Nixon, 690 S.W.2d at 549; Ash, 54
S.W.3d at 413.  Every reasonable
inference must be indulged in favor of the non-movant and all doubts resolved
in its favor.  Grinnell, 951
S.W.2d at 425; Ash, 54 S.W.3d at 413.

          To
prevail under a negligent entrustment theory, the plaintiff must prove:  (1) the entrustment of a vehicle by the owner;
(2) to an unlicensed, incompetent, or reckless driver; (3) whom the owner knew
or should have known to be unlicensed, incompetent, or reckless; (4) the driver
was negligent on the occasion in question; and (5) the driver's negligence
proximately caused the accident.  Schneider v. Esperanza Transmission Co.,
744 S.W.2d 595, 596 (Tex.
1987).

          Boulevard
argues that Appellants cannot prevail on their claim because the driver to whom
Boulevard entrusted the van (Weaver) was not the driver at the time the
accident occurred (Hewitt).  Boulevard
states that they entrusted the van to Weaver because she was twenty-one and
possessed a valid driver's license.  Therefore,
the entrustment to Weaver was not a proximate cause of the accident because
Weaver was not driving the van when it occurred.  Stated another way, Boulevard argues that in
order to prevail on a claim of negligent entrustment, the driver entrusted with
the vehicle (the entrustee) must be the same driver operating the vehicle at
the time of the accident.

          Appellants
acknowledge that Weaver was not driving the van at the time of the accident but
argue that the entrustee's negligence need not be limited to the act of
driving.  They argue that Weaver was
negligent in letting Hewitt drive and that Boulevard should be held responsible
because it could have foreseen that Weaver would have allowed others beside
herself to drive the van.  Essentially,
Appellants argue that Boulevard should be held liable because it was
foreseeable that Weaver would entrust the van to an unlicensed, incompetent, or
reckless driver.

          Appellants
rely upon Emmons to support their
claim that the entrustee does not have to be the negligent driver of the
vehicle in order to hold the owner responsible. 
North American Van Lines v. Emmons,
50 S.W.3d 103 (Tex. App.—Beaumont 2001, pet. denied).  In their recitation of the facts of that
case, Appellants state that Lufkin Moving rented a truck to North American Van
Lines (NAVL).  Subsequently, NAVL allowed
an unlicensed driver named Cartagena to drive, and Cartagena's negligence caused an accident. 
A jury found all three defendant's liable, and the Ninth Court of
Appeals affirmed the trial court's ruling. 
Appellant's claim that because the renter of the van (NAVL) was not the
driver of the van, Emmons mirrors the
facts of the present case.

          However,
we read the facts of Emmons differently.  Lufkin Moving rented its services to NAVL,
which included providing a truck and a driver. 
Id. at 112-13. 
Lufkin hired Cartagena knowing that he was not licensed.  Id.  When Lufkin presented NAVL with its contract, the name of
the driver was left blank.  Id.  The jury
found Lufkin responsible for Cartagena's negligence under a respondeat superior
theory.  Id.  NAVL was
found by the jury to have the right of control to supervise its agent, Lufkin, in its hiring procedures; therefore, NAVL was
similarly responsible for Lufkin's negligent hiring of Cartagena as Cartagena's statutory employer.  Id. 
Appellant's reliance on Emmons
is misplaced because this case does not stand for the proposition that an owner
may be held liable for negligent entrustment when the entrustee is not the
negligent driver of the vehicle.

          On
the other hand, the facts of the present case directly follow the facts in Schneider.  In that case, Esperanza Transmission Company
entrusted a truck to Havelka for business and personal use.  Upon leaving a dance, Havelka asked his
friend Schroeder to drive Havelka's truck. 
Schroeder agreed and later collided with Schneider's vehicle.  Schneider sued Esperanza claiming that it
negligently entrusted the truck to Havelka and that this proximately caused the
accident.  Schneider, 744 S.W.2d at 596.

          Schneider's
argument to the Texas Supreme Court is similar to that of Appellants.  Schneider argued that

[W]hen the owner of a vehicle permits an
incompetent or reckless driver to use his vehicle, he creates a dangerous
instrumentality and his action sets in motion the chain of events that
follow….[He further argues that] by proving Havelka was negligent in turning
the vehicle over to Schroeder, he proved that Havelka was negligent in the
operation of the truck and proximately caused the accident.

 

Id.  The
Texas Supreme Court, however, did not agree with Schneider.  They stated that in negligent entrustment
cases, the owner should be shown to be reasonably able to anticipate that an
injury would result as a natural and probable consequence of the
entrustment.  Id.  The risk
Esperanza took at the time of the entrustment was based upon Havelka's driving
record, and the probable consequence of this risk would be due to Havelka's
driving.  Id.  Esperanza
assessed the risk as to Havelka, and not as to Schroeder, therefore the Court found
that Esperanza's entrustment to Havelka was not the proximate cause of the
accident.  Id. at 597.

          Other
more recent holdings have agreed with this decision.  Roach
v. Dental Arts Laboratory, Inc., 79 S.W.3d 265, 269 (Tex. App.—Beaumont
2002, pet. denied) (holding that it was not foreseeable to the owner that the
entrustee would loan the car to another); Martin
v. Avis Rent-A-Car System, Inc., 932 S.W.2d 697, 699 (Tex. App.—Houston
[14th Dist.] 1996, writ denied) (holding that because the entrustee was not
driving at the time of the accident, the appellants could not prove negligent
entrustment); Frito-Lay, Inc. v. Queen,
873 S.W.2d 85, 86-87 (Tex. App.—San Antonio 1994, writ denied) (stating that
"[i]mplicit in [the negligent entrustment] criteria is that the driver to
whom the vehicle was entrusted [is] the same driver whose negligence
proximately caused the accident," and holding that there was no evidence
of proximate cause because the entrustee was not the driver of the vehicle).

          We
agree with these holdings.  Therefore,
because it is undisputed that Weaver as the entrustee was not the driver of the
vehicle at the time of the accident, Boulevard conclusively established that
its entrustment of the van to Weaver was not a proximate cause of the
accident.  Schneider, 744 S.W.2d at 597; Martin,
932 S.W.2d at 699.  Accordingly, the
trial court did not err in granting Boulevard's motion for summary
judgment.  We overrule Appellant's first
and second issues.

CONCLUSION

          Having
overruled all of Appellants' issues, we affirm the judgment of the trial court.

 

 

                                                                   FELIPE REYNA

                                                                   Justice

Before Chief Justice
Gray,

          Justice Vance, and

          Justice Reyna

Affirmed

Opinion delivered and
filed September 15, 2004

[CV06]