**Travis NEWKUMET et al, Appellants,**

v.

**Tim ALLEN and Melissa Allen, Appellees.**

**No. 11–06–00073–CV.**

Court of Appeals of Texas, Eastland.

July 26, 2007.

Rehearing Overruled Aug. 23, 2007.

Terry Rhoads, Sean Guerrero, William Clark Lea, Cotton, Bledsoe, Tighe & Dawson, P.C., Leslie G. McLaughlin, Midland, for appellants.

Phillip Godwin, Phillip Godwin & Associates, P.C., Odessa, for appellees.

Panel consists of: WRIGHT, C.J., McCALL, J., and McCLOUD, S.J.*

## OPINION

AUSTIN McCLOUD, Senior Justice (Retired).

This is an appeal from a take-nothing summary judgment entered in favor of third-party defendants Tim Allen and Melissa Allen. Tim and Melissa and their minor daughter, Risty Allen, were sued by third-party plaintiffs Travis Newkumet, formerly a minor; Wayne and Linda Newkumet, individually and as next friends of Travis Newkumet, formerly a minor; and Live Oak Springs Ranch, Ltd. (the Newkumets). The lawsuit stemmed from a boating accident involving three minors: Risty, Travis, and Risty's passenger. Tim and Melissa moved for summary judgment on the basis that the summary judgment evidence did not support the Newkumets' claims against them for negligent supervision or negligent entrustment. The trial court granted Tim and Melissa's motion for summary judgment, rendered a take-nothing judgment in their favor, and severed the claims against Tim and Melissa from the remaining claims.[1] The Newkumets appeal. We affirm.

### Issues

The Newkumets present four issues on appeal. In the first two issues, they contend that the trial court erred in granting summary judgment on the negligent supervision claim because Tim and Melissa failed to identify a specific element of that cause of action for which there was no evidence and, alternatively, because there was some evidence to support the claim. In their final two issues, the Newkumets challenge the granting of summary judgment on the negligent entrustment claim. Specifically, they argue in the third issue that the trial court erred "by concluding that legally sufficient evidence did not exist that Risty Allen was an unlicensed,

---

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. The remaining claims included those filed by the Newkumets against Risty and those filed by Risty's passenger's parents against the Newkumets.

incompetent, or reckless driver." In the fourth issue, the Newkumets assert that there was a genuine issue of fact regarding the negligent entrustment claim.

### Summary Judgment

It appears that Tim and Melissa may have asserted both traditional and no-evidence grounds in their motion for summary judgment. The parties address both in their briefs, and the trial court did not specify whether it granted the summary judgment based upon no-evidence or traditional grounds. Because the trial court did not specify the grounds it relied upon in granting the summary judgment, we will affirm the summary judgment "if any of the theories advanced are meritorious." *State Farm Fire & Cas. Co. v. S.S. & G.W.,* 858 S.W.2d 374, 380 (Tex.1993); *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989).

We will apply the well-recognized standards of review for summary judgment. We must review a no-evidence summary judgment under the same standard as a directed verdict. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 750–51 (Tex. 2003). Accordingly, we examine the record in the light most favorable to the nonmovant and disregard all contrary evidence and inferences. *Id.; Wal–Mart Stores, Inc. v. Rodriguez,* 92 S.W.3d 502, 506 (Tex.2002). A trial court must grant a proper no-evidence motion for summary judgment unless the nonmovant produces more than a scintilla of probative evidence to raise a genuine issue of material fact. Tex.R. Civ. P. 166a(i); *Wal–Mart,* 92 S.W.3d at 506. We may not consider any evidence presented by the movant unless it creates a fact question. *Binur v. Jacobo,* 135 S.W.3d 646, 651 (Tex.2004).

With respect to a traditional motion, a trial court must grant a traditional motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991). In order for a defendant to be entitled to summary judgment, it must either disprove an element of each cause of action or establish an affirmative defense as a matter of law. *Am. Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997). Once the movant establishes a right to summary judgment, the nonmovant must come forward with evidence or law that precludes summary judgment. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678–79 (Tex.1979). When reviewing a traditional summary judgment, the appellate court considers all the evidence and takes as true evidence favorable to the nonmovant. *Am. Tobacco Co.,* 951 S.W.2d at 425; *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). The appellate court "must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented" and may not ignore "undisputed evidence in the record that cannot be disregarded." *Goodyear Tire & Rubber Co. v. Mayes,* No. 04–0993, —— S.W.3d ——, ——, 2007 WL 1713400, at *1–2 (Tex. June 15, 2007).

### Parental Liability

The mere fact of paternity or maternity does not make a parent liable to third parties for the torts of his or her minor child. *Rodriguez v. Spencer,* 902 S.W.2d 37, 42 (Tex.App.-Houston [1st Dist.] 1995, no writ); *Aetna Ins. Co. v. Richardelle,* 528 S.W.2d 280, 285 (Tex.Civ. App.-Corpus Christi 1975, writ ref'd n.r.e.); *Moody v. Clark,* 266 S.W.2d 907, 912 (Tex. Civ.App.-Texarkana 1954, writ ref'd n.r.e.). As a general rule, minors are civilly liable for their own torts. *Rodriguez,* 902

S.W.2d at 42; *Williams v. Lavender,* 797 S.W.2d 410, 412 (Tex.App.-Fort Worth 1990, writ denied); *Brown v. Dellinger,* 355 S.W.2d 742, 746 (Tex.Civ.App.-Texarkana 1962, writ ref'd n.r.e.). A parent may, however, be liable for his own negligence with respect to his child's tort, such as when the parent negligently allows his child to act in a manner likely to harm another, when he entrusts the child with a dangerous instrumentality, or when he fails to restrain a child known to have dangerous tendencies. *Rodriguez,* 902 S.W.2d at 42.

### A. Negligent Entrustment.

■ In this case, the Newkumets alleged that Tim and Melissa were negligent by entrusting a powerful and dangerous jet boat to Risty, a thirteen-year-old incompetent and reckless driver, when they knew or should have known of her incompetence and recklessness. The elements for negligent entrustment of an automobile are as follows: (1) the owner entrusted a vehicle (2) to an unlicensed, incompetent, or reckless driver; (3) the owner knew or should have known that the driver was unlicensed, incompetent, or reckless; (4) the driver was negligent on the occasion in question; and (5) the driver's negligence proximately caused the accident. *Schneider v. Esperanza Transmission Co.,* 744 S.W.2d 595, 596 (Tex.1987). In their motion for summary judgment, Tim and Melissa asserted that the Newkumets must come forward with evidence showing that Tim and Melissa knew or should have known of Risty's alleged incompetence or recklessness. We understand this portion of Tim and Melissa's motion for summary judgment to be a challenge to the third element of negligent entrustment (Tim and Melissa's knowledge of Risty's incompetence); we, therefore, disagree with the

Newkumets' contention on appeal that the second element of negligent entrustment (Risty's incompetence) was the only one that Tim and Melissa challenged in their motion for summary judgment. In their motion, Tim and Melissa further asserted that the evidence established that Risty had a boater education certificate issued by the State of Texas and that the certificate constituted prima facie evidence of Risty's competence to operate the boat.

In response to the motion for summary judgment, the Newkumets brought forth summary judgment evidence indicating that Risty was unsure about a basic navigational rule regarding yielding to another boat and that, on one occasion, one passenger was a "little" scared when Risty made a sharp turn. Thus, we agree that the summary judgment evidence created an issue of fact regarding Risty's competence, or lack thereof, to operate a motorboat. The Newkumets, however, produced no summary judgment evidence indicating that Tim and Melissa knew or should have known of Risty's incompetence or recklessness. Consequently, the element regarding Tim and Melissa's knowledge is dispositive of the negligent entrustment claim.

With respect to Tim and Melissa's knowledge of their daughter's competence to operate a boat, the summary judgment evidence, when viewed in the light most favorable to the Newkumets, does not create an issue of fact. The summary judgment evidence shows that Risty had grown up around boats, that Tim had taught her how to operate a boat, that Risty's boat—a SeaDoo X–20—was a simple boat to operate, and that Tim and Melissa did not allow Risty to operate the boat by herself until she had taken the required course and received a Boater Education Certificate.[2] According to Tim, Risty could ma-

---

**2.** TEX. PARKS & WILD.CODE ANN. § 31.107 (Vernon 2002) provides that a person under the

neuver, park, and back a boat as well as any adult.

The Newkumets argue that, because Risty did not have a motor vehicle driver's license, Risty was "unlicensed." We disagree. The Newkumets rely on caselaw regarding the negligent entrustment of a motor vehicle to an unlicensed driver.[3] The State of Texas generally requires that a person operating a motor vehicle on a public roadway have a valid driver's license. TEX. TRANSP. CODE ANN. § 521.021 (Vernon 2007). Here the object entrusted was a boat, rather than a motor vehicle. The State of Texas does not require that a person operating a motorboat possess a motor vehicle driver's license, and we decline to impose such a requirement in this case. *See* TEX. PARKS & WILD.CODE ANN. §§ 31.106–.110 (Vernon 2002). Pursuant to Section 31.107, a thirteen-year-old may legally operate a motorboat after successfully passing an approved, boating safety course. The summary judgment evidence in this case conclusively shows that, at the time of the accident, Risty had taken the required boating course and possessed a boater education certificate as mandated by our legislature.

We find no summary judgment evidence indicating that Tim and Melissa knew or should have known that Risty was an unlicensed, incompetent, or reckless driver. Tim and Melissa produced summary judgment evidence establishing that they did not know and had no reason to know of Risty's alleged incompetence or recklessness. The Newkumets failed to come forward with a scintilla of evidence to create an issue of fact regarding Tim and Melis-

sa's knowledge. Consequently, we hold that, whether based upon no-evidence or traditional grounds, the trial court did not err in granting summary judgment in favor of Tim and Melissa on the negligent entrustment claim. The third and fourth issues are overruled.

*B. Negligent Supervision.*

In addition to their claim for negligent entrustment, the Newkumets asserted a claim for negligent supervision, alleging in their petition that Tim and Melissa had a duty to supervise and control Risty's conduct and that Tim and Melissa failed to properly supervise Risty when they permitted her "to act in a manner which was likely to cause injury to another person." In their motion for summary judgment, Tim and Melissa asserted that there was no evidence that they failed to properly supervise or control Risty in the operation of the boat. The Newkumets responded first by challenging the procedural failure of Tim and Melissa's motion to point out which element was being challenged on no-evidence grounds. The Newkumets also responded substantively, asserting that there was some evidence that Tim and Melissa failed to supervise or control Risty in the following respects: (1) Tim and Melissa gave Risty a powerful jet boat, which in the hands of a thirteen-year-old was a dangerous instrumentality, and (2) Tim and Melissa could have reasonably anticipated the consequences of Risty's actions.

■ First, we hold that Tim and Melissa's motion sufficiently pointed out which element of negligent supervision was being

---

age of sixteen may not operate a motorboat unless (1) an adult is present or (2) the person is at least thirteen years old and has passed an approved boating safety course.

**3.** *See Mundy v. Pirie–Slaughter Motor Co.,* 146 Tex. 314, 206 S.W.2d 587, 589–91 (1947)

(which sets out the negligence standards for entrusting a motor vehicle to an unlicensed driver); *see also Williams v. Steves Indus., Inc.,* 699 S.W.2d 570 (Tex.1985); *McElroy v. Fitts,* 876 S.W.2d 190 (Tex.App.-El Paso 1994, writ dism'd by agr.).

challenged. Tim and Melissa moved for summary judgment on the ground that there was no evidence that they failed to properly supervise or control Risty or, in other words, no evidence that Tim and Melissa breached any duty that they may have had to supervise or control their daughter.

■ Generally, there is no duty to control the conduct of others. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990). This general rule does not apply when a special relationship exists—such as employer/employee or parent/child—that imposes a duty upon one person to control the other's conduct. *Id.* A parent may be liable if the parent negligently allows his child to act in a manner likely to harm another, if he gives his child a dangerous instrumentality, or if he does not restrain a child known to have dangerous tendencies. *Prather v. Brandt*, 981 S.W.2d 801, 806–07 (Tex.App.-Houston [1st Dist.] 1998, pet. denied); *Rodriguez*, 902 S.W.2d at 42. A parent's duty to protect third parties from his child's acts depends on whether the injury to the third party is foreseeable. *Prather*, 981 S.W.2d at 807; *Rodriguez*, 902 S.W.2d at 43. Foreseeability is evaluated by looking at the parent's knowledge of, consent to, or participation in the child's activity. *Prather*, 981 S.W.2d at 807; *Rodriguez*, 902 S.W.2d at 43. "[B]efore liability will be imposed, there must be sufficient evidence indicating that the defendant knew or should have known that harm would eventually befall a victim. Absent such a showing, a defendant is absolved of liability." *Greater Houston Transp.*, 801 S.W.2d at 526 (where the supreme court held as a matter of law that employer had no duty where the risk of harm was not foreseeable).

We find the court's reasoning in *Prather* to be instructive in this case. In *Prather*, a father gave his teenage son a shotgun. 981 S.W.2d at 804. The shotgun was used in a drive-by shooting. The complainant sued the father alleging that he was negligent in failing to maintain control over the shotgun—a dangerous instrumentality, in entrusting the shotgun to his son, and in supervising or controlling his son's conduct. *Id.* The father moved for a directed verdict because there was no evidence that he knew of, consented to, sanctioned, or participated in his son's illegal activities and no evidence that his son had a propensity for irresponsible behavior. The trial court granted the father's motion for directed verdict, and the court of appeals affirmed. *Id.* In upholding the judgment, the court of appeals relied on evidence of the father's knowledge of his son's behavior and his perception of his son as being responsible, respectful, and well-behaved. The father had taught his son about the safe use of a shotgun, and the son had taken a professional gun safety course. Before the shooting in this case, no problems had arisen from the son's use of the shotgun. *Id.* at 805. The father admitted that a loaded shotgun was extremely dangerous and that giving a loaded shotgun to an untrained person could be extremely dangerous. *Id.* at 806. Despite the evidence that a loaded shotgun could be extremely dangerous, the court of appeals found that the complainant did not produce any evidence raising a fact issue as to whether the father should have foreseen the actions of his son or his son's friend. The court upheld the directed verdict, noting that the evidence showed that the acts were not foreseeable and that the father was not negligent in supervising his son or the shotgun. *Id.* at 807.

■ In this case, the Newkumets presented the deposition testimony of Officer David Carlyle, a lake ranger, indicating that in his opinion, although legally per-

missible, the operation of a boat like Risty's is "a great responsibility" for a thirteen-year-old even if the child has received training and boater education. Like *Prather*, we find that, despite the lake ranger's testimony that the responsibility for operating a boat like Risty's is too much for a thirteen-year-old, there is no evidence that Tim and Melissa should have foreseen Risty's conduct. Officer Carlyle's deposition testimony does not constitute evidence of foreseeability from the standpoint of Tim and Melissa. We have reviewed the entire record, and we can find no summary judgment evidence indicating that Tim and Melissa knew or should have known that Risty did not operate the boat in a safe manner or was a danger to others. The only evidence regarding Tim and Melissa's knowledge and perception of Risty was that she was a responsible, well-behaved young lady who had been trained how to operate a boat, had experience operating a boat, had taken the required boater course, and had received her certificate to operate a boat. Because the Newkumets presented no summary judgment evidence indicating that Tim and Melissa should have foreseen Risty's conduct, the trial court did not err in granting Tim and Melissa's motion for a no-evidence summary judgment as to the Newkumets' claim for negligent supervision. The first and second issues are overruled.

### This Court's Ruling

The judgment of the trial court is affirmed.