02-11-279-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00279-CV

 

 


 
 
 Robert Nicholas Donahue
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Polaris Industries, Inc.
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 431st
District Court OF Denton COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Appellant
Robert Nicholas Donahue appeals the trial court’s summary judgment in favor of
appellee Polaris Industries, Inc.  We will affirm.

Background
Facts

          Polaris
makes all-terrain vehicles (ATVs).  In 2007, Polaris contracted with a team of
professional ATV stuntmen known as Bomb Squad, Inc. to promote Polaris
vehicles.  Bomb Squad describes itself as an “ATV freestyle team . . .
comprised of the top riders in the world.”  Bomb Squad performs in “powersport”
competitions and makes stunt videos distributed by H-Bomb Films, Inc.  Bomb
Squad trains and films in a facility located in Krum, Texas, operated by Bomb
Squad team member Caleb Moore.  Under the terms of the promotion contract,
Polaris provided Bomb Squad with nine ATVs.  The contract stated that Polaris
would transfer title to the ATVs to Bomb Squad at the expiration of the
contract provided that Bomb Squad performed its promotional duties.  Those
duties included participating in ATV races, photo and video sessions for
Polaris marketing material, and product demonstrations.

          In
August 2008, Bomb Squad offered Donahue an opportunity to audition for
membership on the team.  Although Donahue “had some experience riding ATVs,” he
had no experience with difficult stunts.  He accepted the opportunity because
he “knew [Bomb Squad was] on the cutting edge for free style ATV.”  Donahue
flew from his home in New Jersey to the Krum facility for the audition.  At the
facility, Moore gave Donahue one of the Polaris ATVs and told Donahue to
perform a back flip on the ATV by riding up a ramp over a pit filled with foam
rubber.  Moore did not question Donahue about his experience or skill level
before asking Donahue to perform the stunt, nor did he or any other Bomb Squad
member ask Donahue to demonstrate more basic skills before the jump.

          Donahue’s
first attempt at the back flip failed, but he landed safely in the pit.  Moore
gave Donahue some instruction on how to flip the ATV, and Donahue tried again. 
The second time, Donahue failed, and the ATV fell on top of him, breaking his
neck and rendering him a quadriplegic.

          Donahue
sued Polaris, Bomb Squad, H-Bomb Films, and Moore, among others.  Against
Polaris, Donahue asserted claims of joint enterprise and negligent entrustment
and a cause of action under section 390 of the Restatement (Second) of Torts.[2]
 Polaris filed for summary judgment on Donahue’s causes of action against it,
which the trial court granted.  Polaris was severed from the case, and this
appeal followed.

Standard
of Review

          We
review a summary judgment de novo.  Travelers Ins. Co. v. Joachim, 315
S.W.3d 860, 862 (Tex. 2010).  We consider the evidence presented in the light
most favorable to the nonmovant, crediting evidence favorable to the nonmovant
if reasonable jurors could, and disregarding evidence contrary to the nonmovant
unless reasonable jurors could not.  Mann Frankfort Stein & Lipp
Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  We indulge
every reasonable inference and resolve any doubts in the nonmovant’s favor.  20801,
Inc. v. Parker, 249 S.W.3d 392, 399 (Tex. 2008).  A defendant who
conclusively negates at least one essential element of a cause of action is
entitled to summary judgment on that claim.  Frost Nat’l Bank v. Fernandez,
315 S.W.3d 494, 508 (Tex. 2010); see Tex. R. Civ. P. 166a(b), (c).

Discussion

Because
Donahue did not challenge summary judgment on his joint enterprise claim
against Polaris in the trial court or on appeal, we address only Donahue’s
negligent entrustment claim and his cause of action under the Restatement of
Torts.

In
his first issue, Donahue argues that summary judgment was improper on his claim
of negligent entrustment against Polaris.  To establish liability for negligent
entrustment, Donahue must show that:  (1) Polaris entrusted the vehicle to Bomb
Squad; (2) Bomb Squad was an unlicensed, incompetent, or reckless driver; (3)
at the time of the entrustment, Polaris knew or should have known that Bomb
Squad was an unlicensed, incompetent, or reckless driver; (4) Bomb Squad was
negligent on the occasion in question; and (5) Bomb Squad’s negligence proximately
caused the accident.  Goodyear Tire & Rubber Co. v. Mayes, 236
S.W.3d 754, 758 (Tex. 2007) (citing Schneider v. Esperanza Transmission Co.,
744 S.W.2d 595, 596 (Tex.1987)).  The negligent entrustment must also be a
proximate cause of the injury.  Schneider, 744 S.W.2d at 596.  “For
entrustment to be a proximate cause, the defendant entrustor should be shown to
be reasonably able to anticipate that an injury would result as a natural and
probable consequence of the entrustment.”  Id.

In Schneider,
the defendant company provided a truck to its employee, Havelka, for business
and personal use.  Id. at 595.  Havelka and a friend drove the truck to
a party, where Havelka became intoxicated.  He asked his friend to drive the
truck home, and in doing so, the friend rear-ended Schneider.  Id. 
Schneider sued Esperanza Transmission, arguing that it had negligently entrusted
the truck to Havelka because Havelka had a record of speeding tickets.  Id.
at 595–96.  The supreme court held that Esperanza Transmission was not liable
under a negligent entrustment theory because the negligence that caused the
accident (Havelka’s intoxication and his “poor judgment in allowing others to
drive the truck”) was not the same as “[t]he risk that caused the entrustment
to be negligent” (Havelka’s speeding tickets).  Id. at 596–97.  Further,
Schneider did not provide evidence showing that the negligence that caused the
accident was foreseeable.  Id. at 596.

In
this case, the risk that allegedly caused the entrustment to be negligent was
Bomb Squad’s use of the ATVs for dangerous stunts.  However, the negligence that
caused the accident was Moore’s failure to ascertain Donahue’s skill level
before allowing him to perform the dangerous stunts.  There was no evidence
that Polaris could reasonably predict that Bomb Squad members would allow
anyone wanting to audition to get on its ATV and attempt the dangerous tricks
that Bomb Squad performs as a profession.  See id. at 596 (“There is no
evidence that Esperanza was aware of any propensity of Havelka . . . to
exercise poor judgment in allowing others to drive the truck.”); Frito-Lay,
Inc. v. Queen, 873 S.W.2d 85, 87 (Tex. App.—San Antonio 1994, writ denied)
(holding that negligent entrustment could not lie when there was no evidence
that the person to whom the vehicle was entrusted “had the propensity in
exercising poor judgment in allowing others to drive” or that he had ever let
anyone else use a vehicle entrusted to him by the defendant company).  While Donahue
argues that it may have been reasonably anticipated that Bomb Squad would use
the ATVs to audition new team members, Donahue provided no evidence to support
that assumption.  The summary judgment evidence Donahue supplied instead shows no
actual use of Polaris ATVs for auditioning purposes.  Donahue attached the
deposition testimony of Lindsay Ramagli to his response to the motion for
summary judgment.  Ramagli testified that while she believed she saw Donahue
riding a Polaris at the time of the accident, she also knew there were Honda
ATVs at the Krum facility.  She further testified that, while she was aware of
other injuries to riders that had occurred, she believed that “most people
[who] come there bring their own bikes that they are comfortable on.”

The
contract between Polaris and Bomb Squad obligates Bomb Squad to endorse,
promote, race, film, and test Polaris ATVs.  The terms of the contract are
clear and in no way imply that Polaris was authorizing use of the vehicles for
anything other than the stated purposes, none of which is auditioning new
members for the team.  Bomb Squad advertises itself as a leader in the industry
for creating new tricks and purports to have been the first to back flip an
ATV.  H–Bomb’s videos of Bomb Squad were popular because of the difficulty of
the stunts the riders performed.  The value that Bomb Squad provided to Polaris
was the elite status of its stuntmen and their ability to do things most people
could not do.  Polaris could not therefore expect, without some knowledge of
Bomb Squad’s auditioning practices, that Bomb Squad would allow the average lay
person to attempt the feats that the team members have trained to perform. 
Donahue presented no such evidence that Polaris was aware of how Bomb Squad
auditioned new members, and no such knowledge can be inferred from their
contractual relationship.

Because
Donahue did not demonstrate that Moore’s alleged poor judgment in allowing
Donahue to perform stunts on the ATV without testing his skills beforehand was foreseeable
to Polaris, he has not shown that Polaris’s entrustment of the ATVs to Bomb
Squad was a proximate cause of Donahue’s injury.  See Newkumet v.
Allen, 230 S.W.3d 518, 522 (Tex. App.—Eastland 2007, no pet.) (upholding summary
judgment on a negligent entrustment claim when plaintiff produced no evidence
indicating that defendants knew or should have known of the incompetence or
recklessness of the driver entrusted with their vehicle); Roach v. Dental
Arts Lab., Inc., 79 S.W.3d 265, 269 (Tex. App.—Beaumont 2002, pet. denied) (rendering
judgment in favor of the defendant because the defendant’s knowledge that the
driver of the entrusted vehicle was addicted to cocaine “[did] not translate
into the more specialized knowledge that persons addicted to drugs loan cars
out in exchange for drugs” to a third party who would negligently cause an
accident); see also TXI Transp. Co. v. Hughes, 306 S.W.3d 230, 241 (Tex.
2010) (noting that a claim for negligent entrustment cannot lie if a
“defendant’s negligence did no more than furnish a condition which made the
injury possible”) (quoting  Doe v. Boys Clubs of Greater Dallas,
Inc., 907 S.W.2d 472, 477 (Tex. 1995)).  We find no summary judgment
evidence indicating that Polaris knew or should have known that Bomb Squad used
the Polaris ATVs to test potential new riders for the team or that, if they
did, they did so without testing candidates’ skills beforehand.  Polaris
produced summary judgment evidence establishing that it had no reason to know
of Bomb Squad’s auditioning practices or to anticipate them based on their
contractual relationship.  Donahue failed to raise a fact issue concerning
Polaris’s knowledge.  See Schneider, 744 S.W.2d at 596; Newkumet,
230 S.W.3d at 522.  We overrule Donahue’s first issue.

In
oral argument, Donahue conceded that there is “no articulable distinction
between section 390 and negligent entrustment.”[3]  See Bartley v. Budget
Rent-A-Car Corp., 919 S.W.2d 747, 752 (Tex. App.—Amarillo 1996, writ
denied) (holding that defendant did not need to address plaintiffs’ section 390
claims separately from their negligent entrustment claims in its motion for
summary judgment).  Therefore, we will not address Donahue’s section 390 claim
separately.  Because we have held that Donahue did not meet his summary
judgment burden as to his negligent entrustment claim, we hold that he has
likewise failed to establish a claim against Polaris under section 390.  We overrule
Donahue’s second issue.

Because
we uphold the summary judgment on Donahue’s negligent entrustment and section
390 claims for the reasons recited above, we do not reach his issues addressing
other grounds for summary judgment.  See Provident Life &
Accident Ins. Co. v. Knott, 128 S.W.3d 211, 216 (Tex. 2003) (noting that
when a trial court’s order granting summary judgment does not specify the
ground or grounds relied on for its ruling, summary judgment will be affirmed
on appeal if any of the theories presented to the trial court and preserved for
appellate review are meritorious).

Conclusion

          Having
overruled Donahue’s dispositive issues, we affirm the trial court’s judgment.

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GABRIEL, JJ.

 

DELIVERED:  March 29, 2012









[1]See Tex. R. App. P. 47.4.





[2]Although Donahue had set
out a negligence claim separately from his negligent entrustment claim in his
petition, he denied in his response to Polaris’s motion for summary judgment
that he had filed a “general negligence” claim against Polaris.





[3]Section 390 states,

One who supplies directly or through a third person a
chattel for the use of another whom the supplier knows or has reason to know to
be likely because of his youth, inexperience, or otherwise, to use it in a
manner involving unreasonable risk of physical harm to himself and others whom
the supplier should expect to share in or be endangered by its use, is subject
to liability for physical harm resulting to them.

Restatement (Second) of Torts § 390 (1965).